UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

State of Rhode Island Department of Environmental Management,
Plaintiff

VS. : CA No. 06-

Vessel NAUTILUS, Registration Number 658969, her engines, tackle and appurtenances, etc.,
In Rem,
Defendant

CA 06 177 T

and

NAUTILUS, INC.
In Personam,
Defendant

## COMPLAINT

A. Statement of the Case

This action is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as more fully appears below. This matter arises as a result of the indebtedness of the Defendant Vessel NAUTILUS (the "Defendant Vessel") and the Defendant NAUTILUS, INC. (the "Defendant Owner") to the Plaintiff State of Rhode Island Department of Environmental Management (the "Department" or "State") for wharfage fees for dockage at the state owned and operated pier known as Point Judith State Pier which is located in Narragansett, Rhode Island.
Repeated requests by the State of the Defendant Owner for the payment of the above described debt have proven unsuccessful in satisfying the debt.

B. Parties

1. Plaintiff State of Rhode Island Department of Environmental Management is an agency of the State of Rhode Island which maintains its headquarters at 235 Promenade Street, Providence, Rhode Island 02908.

2. Defendant Vessel NAUTILUS, Registration Number 658969, her engines, tackle and appurtenances, etc., is a seagoing vessel whose principal port is Point Judith, Rhode Island.

3. Defendant NAUTILUS, INC. is a corporation incorporated under the laws of the State of Rhode Island with its office located at 259 Pond Street, Wakefield, Rhode Island 02879 and is the last registered owner of the Defendant Vessel.

C. Jurisdiction

4. Subject matter jurisdiction in this action is properly conferred upon the Court pursuant to 28 U.S.C.§ 1333.

5. Personal jurisdiction over defendants is properly conferred in this case based upon the fact that the Defendant Vessel is or will be located within the jurisdiction of this Court during the pendency of the action and that the Defendant Owner is the last registered owner of the Defendant Vessel.

6. Venue is properly placed in this Court pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims given that the Defendant Vessel is or will be located within the jurisdiction of this Court during the pendency of the action.

D. Facts

7. Owners of certain vessels are permitted to tie their vessels to the state owned and operated pier known as Point Judith State Pier which is located in Narragansett, Rhode Island by permission of the State pursuant to an agreement whereby the owners are required to pay a predetermined wharfage fee on a monthly basis for the

period of time during which the owner is authorized to tie the owner's vessel to the Pier.

8. On or about ~~June~~ MAY 3, 2002, Defendant Owner tied the Defendant Vessel to the Point Judith State Pier by permission of the State pursuant to an agreement whereby the Defendant Owner was required to pay a wharfage fee in the amount of Two Hundred Eighty Three Dollars and Thirty Three Cents ($283.33) per month for the period during which the Defendant Owner was authorized to tie the Defendant Vessel to the Pier.

9. During the period from on or about ~~June~~ MAY 3, 2002 through to the date of the instant Complaint, Defendant Owner has continuously tied or has been authorized by the State to tie the Defendant Vessel to the Point Judith State Pier.

10. Despite frequent written requests by the State of the Defendant Owner for the payment of the wharfage fees accruing pursuant to the Defendant Owner's wharfage fee agreement in the amount of Two Hundred Eighty Three Dollars and Thirty Three Cents ($283.33) per month for period during which the Defendant Owner was authorized to tie the Defendant Vessel to the Pier, the Defendant Owner has refused to pay any wharfage fee for the dockage of the Defendant Vessel.

11. The outstanding expenses described above in Paragraph #10 continue to accrue.

E. <u>Claims For Relief</u>

12. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 11.

13. Plaintiff State of Rhode Island Department of Environmental Management has born the expense of maritime services provided to Defendant Vessel in the form of wharfage fees for dockage at the state owned and operated pier known as Point Judith State Pier which is located in Narragansett, Rhode Island. The Defendants owe the

Plaintiff the sum of Twelve Thousand One Hundred Eighty Three Dollars and Nineteen Cents ($12,183.19) for wharfage fees calculated at the rate of Two Hundred Eighty Three Dollars and Thirty Three Cents ($283.33) per month for the period ~~June 3~~ MAY 1, 2002 through to the date of this Complaint.

14. Repeated requests by the State of the Defendant Owner for the payment of the above described debt have proven unsuccessful in satisfying the debt described in Paragraph 13 which continues to accrue.

E. Prayer For Relief

**WHEREFORE**, the Plaintiff requests the following:

I.

Process in due form of law according to the course of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against the Defendant Vessel NAUTILUS, Registration Number 658969, her engines, tackle and appurtenances, etc., may be attached to the amount sued for with interests and costs;

II.

All persons claiming an interest in the Defendant Vessel may be required to appear and answer under oath all and singular the matters mentioned above;

III.

The Defendant Vessel may be condemned and sold to pay the amount due and owing to Plaintiff with interests and costs;

IV.

Process in due form of law according to the course of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against the Defendant NAUTILUS, Inc., citing it to appear and answer under oath all and singular the matters mentioned above;

V.

Plaintiff be awarded a decree for its damages with interests and costs against the Defendant NAUTILUS, Inc.; and

VI.

Plaintiff may be awarded such other and further relief as in law and justice it may be entitled to receive.

VERIFICATION

I hereby verify that I have read the within Complaint, and, to the best of my knowledge and belief, all factual allegations contained in said Complaint are true and accurate.

Larry Mouradjian
Acting Associate Director
Department of
Environmental Management

Dated: 4/19/06

Subscribed and sworn to before me this 19th day of April, 2006.

NOTARY PUBLIC

John A. Langlois

My Commission expires: 10/14/09

STATE OF RHODE ISLAND
DEPARTMENT OF
ENVIRONMENTAL MANAGEMENT
By its attorney,

Gary Powers, R.I. Bar #2321
Deputy Chief Legal Counsel
Department of Environmental Management
4808 Tower Hill Road
Wakefield, RI 02879
(401) 782-4765